Racing Association, Inc., under its franchise granted pursuant to the 1949 Currituck Act.

For the reasons stated the defendant's motion to quash should have been overruled. Accordingly, the judgment of the lower court is

Reversed.

---

STATE OF NORTH CAROLINA v. G. D. STEWART.

(Filed 17 March, 1954.)

APPEAL by State of North Carolina from *Hubbard, Special Judge,* 7 September, 1953, Term, of CURRITUCK.

Criminal action wherein the defendant, after preliminary proceedings in accordance with applicable statutes, demurred to the bill of information charging in substance that he willfully violated the general gambling statutes of North Carolina by participating with others in betting on dog races under the pari-mutuel system of betting operated in connection therewith by the Carolina-Virginia Racing Association, Inc.

(Counsel representing Currituck County, and other counsel representing the Currituck County Racing Commission, were permitted to appear as *amici curiae* in the proceedings before Judge Hubbard and also by brief and oral argument in this Court.)

Before pleading, the defendant demurred to the bill of information for that "by reason of Ch. 541, Session Laws of 1949, the bill failed to charge the commission of any crime or misdemeanor." Judge Hubbard sustained the demurrer, announcing at the time that he was "holding said Act of 1949 to be constitutional." The State of North Carolina duly excepted to this ruling and appealed from the judgment predicated thereon as permitted by G.S. 15-179 (2).

*Attorney-General McMullan, Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*

*E. R. Woodard for defendant, appellee.*

*Lucas, Rand & Rose, John B. McMullan, Wilton F. Walker, Jr., and John G. Dawson as amici curiae.*

BOBBITT, J. Is Ch. 541, Session Laws of 1949, void as being in violation of limitations upon legislative power imposed by the Constitution of North Carolina? This is the question presented for decision. Upon the authority of the decision in *S. v. Felton, ante,* 575, the defendant's

demurrer should have been overruled. Accordingly, the judgment of the lower court is

Reversed.

---

### STATE OF NORTH CAROLINA v. S. M. TRUITT.

#### (Filed 17 March, 1954.)

APPEAL by State of North Carolina from *Hubbard, Special Judge,* 7 September, 1953, Term, of CURRITUCK.

Criminal action wherein the defendant, after preliminary proceedings in accordance with applicable statutes, demurred to the bill of information charging in substance that he willfully violated the general gambling statutes of North Carolina by participating with others in betting on dog races under the pari-mutuel system of betting operated in connection therewith by the Carolina-Virginia Racing Association, Inc.

(Counsel representing Currituck County, and other counsel representing the Currituck County Racing Commission, were permitted to appear as *amici curiae* in the proceedings before Judge Hubbard and also by brief and oral argument in this Court.)

Before pleading, the defendant demurred to the bill of information for that "by reason of Ch. 541, Session Laws of 1949, the bill failed to charge the commission of any crime or misdemeanor." Judge Hubbard sustained the demurrer, announcing at the time that he was "holding said Act of 1949 to be constitutional." The State of North Carolina duly excepted to this ruling and appealed from the judgment predicated thereon as permitted by G.S. 15-179 (2).

*Attorney-General McMullan; Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*

. *E. R. Woodard for defendant, appellee.*

*Lucas, Rand & Rose, John B. McMullan, Wilton F. Walker, Jr., and John G. Dawson as amici curiae.*

BOBBITT, J. Is Ch. 541, Session Laws of 1949, void as being in violation of limitations upon legislative power imposed by the Constitution of North Carolina? This is the question presented for decision. Upon the authority of the decision in *S. v. Felton, ante,* 575, the defendant's demurrer should have been overruled. Accordingly, the judgment of the lower court is

Reversed.